# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                         **Case No. 09-CR-224**

**LISA R. MUSSER,**

        **Defendant.**

## RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH

On August 28, 2009, Lisa R. Musser ("Musser") was charged by way of a criminal complaint with failing to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a). On September 9, 2009, the grand jury returned a single count indictment alleging the charge set forth in the complaint. (Docket No. 7.)

On October 15, 2009, Musser filed a motion to dismiss the indictment. (Docket No. 14.) The government has responded, (Docket No. 15), and the defendant has elected not to reply. The pleadings on the defendant's motion to dismiss are closed and the matter is ready for resolution. A final pretrial conference is scheduled for November 18, 2009 and a jury trial is scheduled to commence on November 30, 2009 before the Honorable William C. Griesbach.

Musser was convicted of a sex offense in Florida on November 25, 1997 and was required to register as a sex offender, which she did up to June 18, 2008. (Docket No. 14 at 2.) The indictment alleges that Musser traveled to the Eastern District of Wisconsin in November of 2008 and did not register as a sex offender.

Musser contends that because the conviction for which she is required to register occurred before the Sex Offender Registration and Notification Act ("SORNA") was passed, prosecuting her for failure to register violates the ex post facto clause of the constitution. Second, she contends that she cannot be prosecuted because Wisconsin has yet to implement a sex offender registration program that complies with SORNA. Third, Musser contends that she was denied due process because she was not personally informed of her requirement to register under SORNA. Fourth, she contends that the rule promulgated by the Attorney General making SORNA applicable to individuals convicted of qualifying sex offenses prior to the enactment of the statute is improper because it was not issued in compliance with the Administrative Procedures Act (APA). Fifth, she contends that SORNA violated the constitutional principle of separation of powers because it gave the Attorney General the authority to prescribe rules regarding its implementation.

Musser concedes that all of these arguments were either explicitly or implicitly rejected by the Seventh Circuit in the case of United States v. Dixon, 551 F.3d 578, 581-82 (7th Cir. 2008).

The Dixon court stated the following:

[T]he Sex Offender Registration and Notification Act [is] part of the Adam Walsh Child Protection and Safety Act of 2006[ ], 18 U.S.C. § 2250. The Act, which went into effect on July 27, 2006, imposes criminal penalties on anyone who, being required by the Act to register, being a convicted sex offender under either federal or state law, and traveling in interstate or foreign commerce, knowingly fails to register as a sex offender, unless he can prove that "uncontrollable circumstances" prevented him from doing so. 18 U.S.C. §§ 2250(a), (b)(1). Congress instructed the Attorney General to "specify the applicability of the requirements of [the Act] to sex offenders convicted before [its enactment] or its implementation in a particular jurisdiction" and to "prescribe rules for the registration of any such sex offenders . . . who are unable to comply with" the requirement, also imposed by the Act, of registering before they are released from prison or, if they do not receive a prison sentence, within three days after being sentenced, and furthermore of reregistering within three days after a change of name, residence, employer, or student status. 42 U.S.C. §§ 16913(b), (c), (d).

The Act creates a continuing offense in the sense of an offense that can be committed over a length of time. If the convicted sex offender does not register by the end of the third day after he changes his residence, he has violated the Act, and the violation continues until he does register, just as a prisoner given a two-week furlough is

> guilty of escape if he does not appear by the end of the two weeks, and thus can be prosecuted immediately but his violation continues as long as he remains at large.
>
> The Attorney General issued an interim regulation on February 28, 2007, that makes the Sex Offender Registration and Notification Act applicable to persons, such as [the defendant] who [was] convicted of sex offenses before the Act was passed. 72 Fed. Reg. 8896, 28 C.F.R. § 72.3.

United States v. Dixon, 551 F.3d 578, 581-82 (7th Cir. 2008). Musser acknowledges that she raises these arguments solely to preserve the arguments for appeal in light of the Supreme Court recently granting certiorari in a companion case to Dixon, see Carr v. United States, 174 L. Ed. 2d 631 (2009).

A review of the Dixon decision confirms that the Seventh Circuit rejected all of these challenges. Dixon, 551 F.3d at 582-84. However, the court will note that with respect to the APA argument, the court simply referred to a "frivolous argument based on the Administrative Procedure Act," Dixon, 551 F.3d at 583. It takes a check of the appellant's brief, available at https://ecf.ca7.uscourts.gov, Case No. 08-1438, Docket No. 14 at 57-62, to confirm that the argument the court rejected as frivolous was the same as that which Musser makes here. Accordingly, the resolution of these first five issues is controlled by Dixon, and the court shall recommend that the defendant's motion to dismiss on these grounds be denied.

Musser's final argument is one that she contends is not foreclosed by Dixon. She argues that SORNA violates the Commerce Clause because it can be violated entirely by intra-state activity. (Docket No. 14 at 9-10.) The government responds that Musser lacks standing to make this challenge; she is not being prosecuted for intra-state activity. (Docket No. 15 at 8.) But on its merits, the government points out that this argument was rejected by the Fifth Circuit. United States v. Whaley, 577 F.3d 254, 260 (5th Cir. 2009).

Musser is correct that 42 U.S.C. § 16913, the provision of SORNA requiring all sex offenders to register, regulates activities that might be entirely intra-state. An individual might never

seek to travel in interstate commerce but still be required by this provision to register. However, unless that person travels in interstate commerce, there is no federal criminal consequence for a failure to register (although § 16913(e) does require each state to make failure to register a felony). Federal criminal penalties are applicable only if an individual travels in interstate commerce and fails to register. See 18 U.S.C. § 2250(a). It is under this provision that Musser is charged and interstate travel is an element of the crime.

The only question that is appropriate for this court to consider is whether the statute under which Musser is prosecuted has a sufficient connection to interstate commerce to be permitted under the constitution. In establishing interstate travel as an element of the crime, in the view of this court, there is an ample connection to interstate commerce.

To the extent that Musser has standing to challenge § 16913 and the constitutionality of that statute might be properly before the court, the court finds persuasive the thorough reasoning set forth by the Fifth Circuit in Whaley, 577 F.3d at 258-61 (citing United States v. Gould, 568 F.3d 459, 470-72 (4th Cir. 2009); United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009); United States v. Howell, 552 F.3d 709, 716 (8th Cir. 2009)). Section 16913 must be considered as one piece of a comprehensive program set forth in the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587. Id. at 259. The registration requirement set forth in § 16913 is a necessary component to Congress' overall goal ensuring public safety by preventing sex offenders from "slipping through the cracks" by changing jurisdictions. Id. at 260. As such, § 16913 is authorized under the Necessary and Proper clause of the constitution. Id. at 260. Therefore, it is the conclusion of the Whaley court that,

> requiring sex offenders to register both before and after they travel in interstate commerce--which clearly facilitates monitoring those movements and which has a minimal practical impact on intrastate sex offenders (who cannot be punished under federal law for failure to register unless and until they travel in interstate commerce -- is "reasonably adapted" to the goal of ensuring that sex offenders register and update previous registrations when moving among jurisdictions.

Id. at 261. Accordingly, the court shall recommend that Musser's motion to dismiss on the basis that her prosecution is not authorized by the Commerce Clause, be denied.

**IT IS THEREFORE RECOMMENDED** that Musser's motion to dismiss the indictment, (Docket No. 14), be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 4th day of November 2009.

s/ AARON E. GOODSTEIN
AARON E. GOODSTEIN
U.S. Magistrate Judge